IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maxine Carson<br>7416 Beverly Road<br>Philadelphia, Pa 19138<br><br>          Plaintiff,<br><br>     v.<br><br>City of Philadelphia d/b/a<br>Philadelphia Police Department<br>1515 Arch Street<br>Philadelphia, PA 19102<br>          Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>No.:<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

1. This action has been initiated by Ms. Maxine Carson (hereinafter referred to as "Plaintiff," or "Carson" unless indicated otherwise) for violations of the Family and Medical Leave Act ("FMLA"). Plaintiff suffered from serious health problems and was the subject of discrimination and retaliation when she was suspended and terminated surrounding her FMLA protected absences/leave.

## JURISDICTION AND VENUE:

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States (the FMLA) and seeks redress for violations of civil rights.

3. The Court may properly maintain personal jurisdiction over Defendant

because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington,</u> 326 U.S. 310 (1945) and its progeny.

    4.    Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant is located in and conducts substantial, systematic and continuous activity in this district and a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

    7.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

    8.    Plaintiff is an adult individual with an address as set forth above.

    9.    Defendant, City of Philadelphia, is a municipality doing business as the Philadelphia Police Department (hereinafter "PPD" or "Defendant"), maintaining an address at the above captioned address.

    10.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

    11.    The foregoing paragraphs are fully incorporated herein as though set forth

at length.

12. On June 23, 1997, Carson was hired by the City of Philadelphia Police Department.

13. On March 5, 2002, Carson was assigned to the 18th District.

14. Defendant maintained a sick leave policy which it also referred to as "Directive 66," (hereinafter "Policy").

15. Within Directive 66 were provisions concerning "Excessive Sick Leave" which mandated a progressive disciplinary policy for violations of the Excessive Sick Leave Policy.

16. The Excessive Sick Leave Policy, in part, spelled out the progressive disciplinary policy as follows:

> 3rd Occurrence - Three (3) Days Suspension
> 4th Occurrence – Ten (10) Days' Suspension
> 5th Occurrence- May be discharged.

17. Plaintiff was on her third violation of the Policy which meant that after two more violations she could be subject to termination of her employment with Defendant.

18. On May 9, 2014, Plaintiff was scheduled to work and was in route to work when she suffered a sudden, serious, severe, and unexpected health condition.

19. Plaintiff turned her vehicle around and while returning home contacted Defendant and advised Officer Browne that she was sick and calling out.

20. Plaintiff later, that same day, advised Defendant, via Sergeant McCoy, that after she arrived home, she fainted/passed out and was going to the emergency room.

21. Plaintiff, on May 9, 2014, went to Chestnut Hill Hospital Emergency Room and received treatment.

22. The next day, on May 10, 2014, Carson followed up with her treating physician, Melissa Shiffman, MD, located at Greenhouse Internists, P.C., wherein Dr. Schiffman prescribed and required continued follow-up treatment for Carson.

23. On Monday, May 12, 2014, Carson submitted her documentation from the emergency room and follow-up visit with Dr. Schiffman to the City of Philadelphia Police Department Employee Medical Services (hereinafter "Safety Office") where, upon receipt, PPD placed Carson on restricted duty.

24. Plaintiff, despite notifying Defendant that she (1) was seriously ill and could not report to work; (2) had fainted/passed out; (3) went to the emergency room and (4) that she required follow-up treatment with her physician; was never informed of her rights pursuant to the FMLA.

25. Following Plaintiff's return to work, she was cited with a fourth violation of the Excessive Sick Leave Policy and suspended without pay for 10 days surrounding her May 9, 2014, protected leave/absence from work.

26. On July 23, 2014, Carson informed Defendant, via Lieutenant's Clerk, Kevin McGrorty, that on July 24, 2014, she had a doctor's appointment.

27. On July 24, 2014, Carson was scheduled to have a doctor's appointment/follow-up treatment. On that same day, Carson's shift was scheduled to start at 2:30pm.

28. On July 24, 2014, she realized that the doctor's appointment was running over so Carson called ahead numerous times, prior to 2:00pm, to inform the Tow Squad that she was running late but she received any answer.

29. Carson received a fifth violation of the Policy surrounding her lateness/absence for her July 24, 2014, and was terminated.

30. Despite the fact that Plaintiff requested, what should have been regarded as protected leave, she was never notified of her entitlements under FMLA and was suspended and terminated surrounding the protected leave.

First Cause of Action
<u>Violations of the Family and Medical Leave Act  ("FMLA)</u>
- Interference and Retaliation -

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff worked for Defendant for approximately 18 years.

33. Defendant is engaged in a business that affects interstate commerce.

34. Plaintiff worked for Defendant for at least 1,250 hours in the year preceding May 9, 2014.

35. At all relevant times, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location for at least 20 calendar weeks.

36. Prior to May 2014, Plaintiff had never taken FMLA leave or availed herself of its entitlements.

37. In May 2014, Plaintiff was eligible for FMLA benefits.

38. On May 9, 2014 and July 24, 2014, Plaintiff missed work due to serious medical conditions/medical reasons.

39. Defendant was aware that Plaintiff missed time from work in May and July 2014 due to her serious medical conditions.

40. Defendant failed to affirmatively offer and/or characterize Plaintiff's time off from work for medical reasons as FMLA qualifying or to provide her with individualized notifications of his rights under the FMLA.

41. Defendant's failure to notify Plaintiff of her entitlement under the FMLA violates the FMLA, which required Defendant to inform Plaintiff of her rights to FMLA so she could make an informed decision about taking FMLA Leave.

42. Defendant's violation of the FMLA

43. Plaintiff was subjected to suspension and termination surrounding her protected leave for exercising and/or attempting to exercise her rights under the FMLA.

44. Defendant's actions, including but not limited to, suspending, terminating Plaintiff for exercising her FMLA rights; for counting FMLA-qualifying absences against her in the decision to suspend and/or terminate her; for not following notification provisions; for failing to restore Plaintiff to an equivalent pre-leave status/position, with all privileges, pay, terms conditions and benefits; for not designating time as FMLA qualifying properly all constitute interference and/or retaliation violations of the FMLA.

45. **WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions, as permitted by applicable law;

D. Plaintiff is to be awarded liquidated and/or punitive damages to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (as permitted under applicable claims/laws);

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

## JURY DEMAND

Plaintiff demands trial by jury.

                                                      ABARA LAW FIRM, PLLC.

By: _/s/ Obinna Abara_____

                                      OBINNA I. ABARA, ESQUIRE
Attorney I.D. No.: 204964
1950 Butler Pike, # 255
Conshohocken, PA 19428
(215) 360-3260
*Attorney for Plaintiff*

Date: __March 14, 2016_____

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_03-14-2016_
Date

_Maxine Carson_
MAXINE CARSON, PLAINTIFF